## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN LEE TURNER,** INDIVIDUALLY | : | **CIVIL ACTION** |
| AND AS ADMINISTRATOR OF THE **ESTATE OF** | : | |
| **CHAZ DONYA TURNER,** DECEASED, AND IN | : | **NO.** |
| HIS OWN RIGHT | : | |
| 1109 Franklin Street | : | **JURY TRIAL DEMANDED** |
| Williamsport, PA 17701 | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **COUNTY OF LYCOMING** | : | |
| Lycoming County Courthouse | : | |
| 48 W 3rd Street | : | |
| Williamsport, PA 17701 | : | |
| And | : | |
| **LYCOMING COUNTY PRISON** | : | |
| 277 West Third Street | : | |
| Williamsport, PA  17701 | : | |
| And | : | |
| **LYCOMING COUNTY PRISON BOARD** | : | |
| 277 West Third Street | : | |
| Williamsport, PA  17701 | : | |
| And | : | |
| **BRAD A. SHOEMAKER** | : | |
| INDIVIDUALLY AND IN HIS ROLE AS WARDEN | : | |
| c/o Lycoming County, PA and the | : | |
| Lycoming County Department of Corrections | : | |
| 277 West Third Street | : | |
| Williamsport, PA  17701 | : | |
| And | : | |
| **RYAN C. BARNES** | : | |
| INDIVIDUALLY AND IN HIS ROLE AS DEPUTY | : | |
| WARDEN OF SECURITY & OPERATIONS | : | |
| c/o Lycoming County, PA and the | : | |
| Lycoming County Department of Corrections | : | |
| 277 West Third Street | : | |
| Williamsport, PA  17701 | : | |
| And | : | |
| **CHRISTOPHER J. EBNER** | : | |
| INDIVIDUALLY AND IN HIS ROLE AS DEPUTY | : | |
| WARDEN OF INMATE SERVICES | : | |
| c/o Lycoming County, PA and the | : | |
| Lycoming County Department of Corrections | : | |
| 277 West Third Street | : | |
| Williamsport, PA  17701 | : | |
| And | : | |
| | : | |

**CORRECTIONS OFFICERS JOHN DOE**                                        :
**#1-10**                                                                :
INDIVIDUALLY AND IN HIS/HER/THEIR ROLE(S)                                :
AS CORRECTIONAL OFFICERS                                                 :
c/o Lycoming County, PA and the                                          :
Lycoming County Department of Corrections                                :
277 West Third Street                                                    :
Williamsport, PA  17701                                                  :
    And                                              :
**CORRECTIONAL HEALTH SERVICES**                                         :
c/o Lycoming County, PA and the                                          :
Lycoming County Department of Corrections                                :
277 West Third Street                                                    :
Williamsport, PA  17701                                                  :
    And                                              :
**JOHN DOE MEDICAL DIRECTOR**                                            :
INDIVIDUALLY AND IN HIS ROLE AS MEDICAL                                  :
DIRECTOR FOR THE LYCOMING COUNTY                                         :
DEPARTMENT OF HEALTH AND THE                                             :
CORRECTIONAL HEALTH SYSTEM                                               :
c/o Lycoming County, PA and the                                          :
Lycoming County Department of Corrections                                :
277 West Third Street                                                    :
Williamsport, PA  17701                                                  :
    And                                              :
**DRS. JOHN DOE #1-10**                                                  :
INDIVIDUALLY AND IN THEIR ROLE AS                                        :
PHYSICIANS                                                               :
c/o Lycoming County, PA and the                                          :
Lycoming County Department of Corrections                                :
277 West Third Street                                                    :
Williamsport, PA  17701                                                  :
    And                                              :
**NURSES JANE DOE #1-10**                                                :
INDIVIDUALLY AND IN THEIR ROLE AS                                        :
NURSES/PHYSICIANS ASSISTANTS                                             :
c/o Lycoming County, PA and the                                          :
Lycoming County Department of Corrections                                :
277 West Third Street                                                    :
Williamsport, PA  17701                                                  :
    And                                              :
**JOHN DOE #1-10**

## CIVIL ACTION COMPLAINT

Plaintiff, Marvin Lee Turner, Administrator of the Estate of Chaz Donya Turner, deceased, by and through his attorneys, Wapner, Newman, Brecher & Miller, alleges as follows:

1.     This action arises from the death of Chaz Donya Turner, a thirty-three-year-old man, who died as a result of the conduct of the Defendants in intentionally denying and delaying Mr. Turner's access to medical care while suffering from a number of serious medical conditions during his incarceration at the Lycoming County Prison (hereinafter referred to as "LCP"), where he was being held as an inmate, allowing his condition to deteriorate to the point of death. Mr. Turner's death was a foreseeable and direct result of the conduct of the individual and institutional defendants.

## NATURE OF THE CLAIM

2.      This civil rights action is initiated under 42 U.S.C. §1983, arising from the LCP, its Correctional Health Services unit, medical staff, and correctional officers in denying and delaying to adequately diagnose and treat the deceased Plaintiff's-decedent, Chaz Donya Turner, for severe diabetes, hyperglycemia, and other critical conditions. As set forth in greater detail below, this deliberate indifference violated Mr. Turner's Eighth Amendment Rights under the United States Constitution during his incarceration at LCP.

3.     Despite multiple pleas by Mr. Turner to LCP staff and prison officials to be evaluated and provided with medical care, he was consistently turned away. Symptoms such as shortness of breath, nausea, urinary frequency, abdominal pain, generalized weakness, and uncontrolled vomiting were evident, yet disregarded.

4.     By the time prison health authorities and correctional officers finally permitted Mr. Turner to be treated at an area hospital, his condition had progressed to a terminal stage. Mr. Turner eventually succumbed as a result of the Defendants' failure to provide adequate medical attention

3

and/or treatment. The conduct of the Defendants' constituted cruel and unusual punishment, which evidences a deliberate indifference to Plaintiff's-decedent Chaz Donya Turner's medical needs and offends the standards of decency in society. Plaintiff, Marvin Lee Turner, father of Plaintiff Chaz Donya Turner, claim a loss of consortium with his child and the liberty interest he has in that relationship.

## PARTIES

5.      On October 14, 2022, Plaintiff, Marvin Lee Turner, was appointed the Administrator of the Chaz Donya Turner, deceased. *See* Short Certificate, attached hereto as Exhibit A. Plaintiff is an individual citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

6.      Plaintiff, Marvin Lee Turner, is the biological father of Plaintiff, Chaz Donya Turner. At all times relevant to this complaint, father Plaintiff, Marvin Lee Turner had maintained an active paternal relationship as parent to Plaintiff, Chaz Donya Turner.

7.      At all times material hereto, Plaintiff's-decedent, Chaz Donya Turner, was a 33-year-old male individual and was a domiciliary of Lycoming County and the Commonwealth of Pennsylvania. Mr. Turner was a detained inmate within LCP and unable to obtain medical care without the express permission and authority of the prison administration and prison medical providers.

8.      Defendant, County of Lycoming, is a county, political subdivision, and governmental entity in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Lycoming County Courthouse 48 W 3rd Street Williamsport, PA 17701.

9.      At all times material hereto, Defendant, County of Lycoming, exercised authoritative, financial and overall administrative control of LCP. LCP is operated by the

Department of Corrections of Lycoming County and charged with the housing, rehabilitative and punishment of those individuals found to have violated the Criminal Code of the State of Pennsylvania, within the jurisdiction of Lycoming County, and have been sentenced to a term of incarceration. LCP is a prison within the Lycoming County Department of Corrections operated by the County of Lycoming within the Commonwealth of Pennsylvania located at 277 West Third Street Williamsport, PA  17701. Defendant, Lycoming County, is a proper defendant under 42 U.S.C. §1983.

10.     Defendant, Lycoming County Prison, is a county, political subdivision, and governmental entity in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 277 West Third Street Williamsport, PA  17701.

11.     At all times material hereto, Defendant, Lycoming County Prison, exercised authoritative, financial and overall administrative control of LCP. LCP is operated by the Department of Corrections of Lycoming County and charged with the housing, rehabilitative and punishment of those individuals found to have violated the Criminal Code of the State of Pennsylvania, within the jurisdiction of Lycoming County, and have been sentenced to a term of incarceration. LCP is a prison within the Lycoming County Department of Corrections operated by the County of Lycoming within the Commonwealth of Pennsylvania located at 277 West Third Street Williamsport, PA  17701. Defendant, Lycoming County Prison, is a proper defendant under 42 U.S.C. §1983. A Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure ("Pa. R. Civ. P.") 1042.3 regarding the treatment, practice or work of this Defendant is attached hereto as Exhibit B.

12.     Defendant, Lycoming County Prison Board, is a county, political subdivision, and governmental entity in the Commonwealth of Pennsylvania, organized and existing under the laws

of the Commonwealth of Pennsylvania, with a principal place of business at 277 West Third Street Williamsport, PA 17701.

13.     At all times material hereto, Defendant, Lycoming County Prison Board, exercised authoritative, financial and overall administrative control of LCP. LCP is operated by the Department of Corrections of Lycoming County and charged with the housing, rehabilitative and punishment of those individuals found to have violated the Criminal Code of the State of Pennsylvania, within the jurisdiction of Lycoming County, and have been sentenced to a term of incarceration. LCP is a prison within the Lycoming County Department of Corrections operated by the County of Lycoming within the Commonwealth of Pennsylvania located at 277 West Third Street Williamsport, PA 17701. Defendant, Lycoming County Prison Board, is a proper defendant under 42 U.S.C. §1983.

14.     Defendant, Brad A. Shoemaker (herein "Defendant Shoemaker"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Prison, 277 West Third Street Williamsport, PA 17701. Defendant Shoemaker is a Warden and employed by LCP and/or Lycoming County, and, at all times relevant hereto, was acting under color of state law and under the authority provided to him as the Warden at LCP.

15.     Defendant, Ryan C. Barnes (herein "Defendant Barnes"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Prison, 277 West Third Street Williamsport, PA 17701. Defendant Barnes is the Deputy Warden of Security & Operations of the LCP and is responsible, in part, establishing, maintaining and enforcing policies, customs and practices concerning the treatment of inmates within LCP and Correctional Health Services. He is being sued individually and in his professional capacity as Deputy Warden of Security & Operations of the LCP. Defendant Barnes is a state actor for

purposes of 42 U.C.S. §1983. This defendant maintains offices at 277 West Third Street Williamsport, PA 17701.

16.    Defendant, Christopher J. Ebner (herein "Defendant Ebner"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Prison, 277 West Third Street Williamsport, PA 17701. Defendant Ebner is the Deputy Warden of Inmate Services at LCP and is responsible, in part, establishing, maintaining and enforcing policies, customs and practices concerning the treatment of inmates within LCP and Correctional Health Services. He is being sued individually and in his professional capacity as Warden Deputy Warden of Inmate Services. Defendant, Christopher J. Ebner, is a state actor for purposes of 42 U.C.S. §1983. This defendant maintains offices at 277 West Third Street Williamsport, PA 17701.

17.    Defendant, Corrections Officers John Doe #1-10, is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Department of Corrections, 277 West Third Street, Williamsport, PA 17701. Defendant, Corrections Officers John Doe #1-10, are a corrections officer(s) employed by LCP and/or Lycoming County, and at all times relevant hereto, was acting under color of state law and under the authority provided to him/her/them as a corrections officer(s) at LCP.

18.    Defendant, Correctional Health Services, is a county, political subdivision, and governmental entity in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 277 West Third Street Williamsport, PA 17701.

19.    At all times material hereto, Defendant, Correctional Health Services, exercised authoritative, financial and overall administrative control of LCP. LCP is operated by the Department of Corrections of Lycoming County and charged with the housing, rehabilitative and punishment of those individuals found to have violated the Criminal Code of the State of

Pennsylvania, within the jurisdiction of Lycoming County, and have been sentenced to a term of incarceration. LCP is a prison within the Lycoming County Department of Corrections operated by the County of Lycoming within the Commonwealth of Pennsylvania located at 277 West Third Street Williamsport, PA  17701. Defendant, Correctional Health Services, is a proper defendant under 42 U.S.C. §1983. A Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure ("Pa. R. Civ. P.") 1042.3 regarding the treatment, practice or work of this Defendant is attached hereto as Exhibit C.

20.     Defendant, John Doe Medical Director (herein "Defendant Medical Director"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Prison, 277 West Third Street Williamsport, PA  17701. Defendant Medical Director is the Medical Director for the Lycoming County Department of Health and the Correctional Health System and is responsible, in part, establishing, maintaining and enforcing policies, customs and practices concerning the treatment of inmates within LCP and Correctional Health Services. John Doe Medical Director is being sued individually and in his/her/its professional capacity as Medical Director for the Lycoming County Department of Health and the Correctional Health System. Defendant, John Doe Medical Director, is a state actor for purposes of 42 U.C.S. §1983. This defendant maintains offices at 277 West Third Street Williamsport, PA  17701. A Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure ("Pa. R. Civ. P.") 1042.3 regarding the treatment, practice or work of this Defendant is attached hereto as Exhibit D.

21.     Defendant, Drs. John Doe #1-10, is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Department of Corrections, 277 West Third Street, Williamsport, PA  17701. Defendant, Drs. John Doe #1-10, are medical doctors(s) employed by LCP and/or Lycoming County, and at all times relevant hereto,

8

was acting under color of state law and under the authority provided to him/her/them as a doctors at LCP. A Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure ("Pa. R. Civ. P.") 1042.3 regarding the treatment, practice or work of this Defendant is attached hereto as Exhibit E.

22.     Defendant, Nurses Jane Doe #1-10, is an adult person and resident of the Commonwealth of Pennsylvania with a business address at Lycoming County Department of Corrections, 277 West Third Street, Williamsport, PA  17701. Defendant, Nurses Jane Doe #1-10, are registered nurse(s) employed by LCP and/or Lycoming County, and at all times relevant hereto, was acting under color of state law and under the authority provided to him/her/them as a registered nurses at LCP. A Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure ("Pa. R. Civ. P.") 1042.3 regarding the treatment, practice or work of this Defendant is attached hereto as Exhibit F.

23.     Defendant, John Doe #1-10 (hereinafter collectively "John Doe"), are various fictitious and currently unidentified Individuals, Estates, Admintrators/Adminstratrix, Professional Associations, Partnerships, Institutions, Corporations and/or Companies, whose name and information is unknown to Plaintiff despite the use of due diligence. As this/these defendant(s) are identified, Plaintiff shall seasonably amend this Civil Action.

24.     At all times material hereto, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Correctional Health Services, and/or John Doe, owned, operated, maintained, was responsible for, and/or otherwise controlled LCP.

25.     At all relevant times hereto, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Correctional Health Services, and/or John Doe, had a duty to provide timely and proper medical care to inmates under their control.

26.     At all times relevant hereto, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Correctional Health Services, and/or John Doe, was

acting by and through its actual and/or ostensible agents, servants, and/or employees including Defendants, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10, and other physicians, nurses, therapists, technicians, and/or medical practice personnel whose activities and conduct with regard to the medical care and treatment provided to Chaz Donya Turner are presently known only to the Defendants, but not to Plaintiff, after reasonable investigation and in the absence of complete discovery.

27.     At all times material hereto, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Correctional Health Services, and/or John Doe, and other physicians, nurses, therapists, technicians, and/or medical practice personnel whose activities and conduct with regard to the medical care and treatment provided to Chaz Donya Turner are presently known only to the Defendants, but not to Plaintiff, after reasonable investigation and in the absence of complete discovery, under theories of agency, master-servant, *respondeat superior,* and/or control or right of control.

28.     At all times material hereto, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Correctional Health Services, and/or John Doe, and its actual and/or ostensible agents, servants, and/or employees, as identified herein, were engaged in the practice of medicine and/or nursing, and were obligated to bring to bear in the practice of their respective professions the professional skill, knowledge, and care that they possessed, and to pursue their professions in accordance with reasonably safe and acceptable standards of medicine and nursing in general, and in their particular specialties.

29.     At all times relevant to this Complaint, Defendant, Correctional Officer John Does 1-10, were correctional officers or supervisors employed by Defendant Lycoming County to work at LCP. Plaintiff does not presently know the names of these defendants but will seek leave to amend the Complaint so as to name each appropriate defendant after additional discovery.

30.     During the time of Mr. Turner's detention, Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Correctional Health Services, jointly and/or severally were responsible for establishing the policies and procedures of LCP and were in charge of training, supervising, disciplining, and hiring.

31.     During the time of Mr. Turner's detention, the policies and procedures were such that Defendant, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, were discouraged from obtaining medical attention for prisoners or failed to train their respective agents, servants, officers, staff, administrators, representatives, contractors, permissive users, workmen, personnel, and/or employees, actual and/or apparent to prevent complications from serious medical conditions, including diabetes.

32.     Prior to his detention at LCP, Mr. Turner's diabetes and other alignments, for the most part, was under control due to regular blood testing and administration of medications.

33.     At all relevant times hereto Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, who were medical doctors, nurses and corrections officers employed by the LCP knew Mr. Turner suffered from, *inter alia*, diabetes.

## JURISDICTION AND VENUE

34.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

35.    Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiffs further invoke the pendent jurisdiction of this Court, provided by 28 U.S.C. §1367, to hear and decide claims arising under state law.

36.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this district, all Defendants are residents of the Commonwealth of Pennsylvania, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## OPERATIVE FACTS

37.     The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

38.    Beginning on January 2, 2022, decedent, Chaz Donya Turner, presented to the University of Pittsburgh Medical Center ("UPMC") complaining of urinary frequency, abdominal pain, nausea, and diarrhea.

39.    Mr. Turner had a documented past medical history consisting of diabetes and had been seen at UPMC's emergency department for hyperglycemia on prior occasions, all of which were known to the Defendants.

40.    Upon information and belief, on January 4, 2022, Defendants, jointly and/or severally, by and through their respective agents, servants, officers, staff, administrators, representatives, contractors, permissive users, workmen, personnel, and/or employees, actual and/or apparent, and/or others whose actions and omissions they are responsible for placed Mr. Turner under arrest and transported him from UPMC to LCP.

41.    On January 4, 2022, the decedent, Chaz Donya Turner, was incarcerated at LCP.

42.    On January 4, 2022, Mr. Turner's mother, Pamela Wilburn, contacted LCP informing Defendants of Mr. Turner's ongoing serious medical conditions, comorbidities and requested that Defendants monitor Mr. Turner's physical condition.

43.    On January 13, 2022, Mr. Turner became severely ill, prompting correctional officers and LCP staff to transport him to the main medical unit/triage for assessment by a team of physicians, Drs. John Doe 1-10, and Nurses Jane Doe 1-10. During the evaluation, his blood pressure and vital signs were monitored.

44.    Once discharged by prison medical staff, Mr. Turner was instructed to return to his cell. However, his condition continued to worsen.

45.    Records indicate that at least one fellow inmate, Inmate R. Rummings, recognized the significant health challenges faced by Mr. Turner and proactively reached out to LCP staff, urging them to provide medical attention.

46.    Despite clear indications of Mr. Turner's physical distress and reports from concerned fellow prisoners, the Defendants failed to take any responsive action.

47.    Later in the day, Linda Woodring contacted Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10, requesting a more comprehensive examination of Mr. Turner by LCP medical staff. Furthermore, Ms. Woodring specifically urged Defendants to transfer Mr. Turner to UPMC for additional evaluation and treatment.

48.    On January 14, 2022, LCP medical staff and security personnel observed Mr. Turner experiencing persistent episodes of vomiting.

49.     At approximately 13:25, Mr. Turner sought assistance at LCP's medical unit, reporting complaints of shortness of breath.

50.     During this encounter, in addition to the complaint of "shortness of breath," Mr. Turner also expressed issues of nausea and poor intake.

51.     Subsequently, Defendants', Drs. John Doe #1-10, Nurses Jane Doe #1-10, administered Phenergan IM injections.

52.     Records produced indicate that, at some point in time on January 15, 2022, Mr. Turner, while lying on the top bunk of his cell after having not received the necessary medical attention, became "unresponsive".

53.     Defendants, Corrections Officers John Doe #1-10, Drs. John Doe #1-10, Nurses Jane Doe #1-10, and other LCP staff and medical professionals observed Mr. Turner as "lethargic and disoriented."

54.     During the mid-day hours on January 15, 2022, Mr. Turner was observed as being unable to stand and/or walk under his own power. Defendants staff and medical personnel then transferred Mr. Turning to a separate holding cell.

55.     At this time, Mr. Turner's signs and symptoms of a serious medical condition include: excessive vomiting, lethargy, slurred speech, confusion, disorientation, agitation, possible reaction, and inability to support his own weight.

56.     While in the holding cell, records indicate that Mr. Turner's oxygen saturation levels began to steadily decrease, he was observed as being unable to lift his own head, and his "eyes did not react to light" stimulation.

57.     Defendants, Corrections Officers John Doe #1-10, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, correctional staff members were on assignment and/or present when the above observations of Mr. Turner were made.

14

58.     Mr. Turner continued to demonstrate signs of a serious medical issue, including agitation, restlessness, falling forward, and even falling out of the wheelchair and having to be physically placed back into the wheelchair. At times, Mr. Turner's head was being held up by a correctional officer.

59.     While Mr. Turner continued to exhibit signs and symptoms of a serious medical issue, Ms. Wilburn and Ms. Woodring continued their efforts to alert Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, of calls they received stressing the grave nature of Mr. Turner's physical condition.

60.     Specifically, at the time the call was made to Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, a LCP representative and/or nurse named "Andrea" disregarded pleas for help and hung up the phone on Ms. Wilburn and Ms. Woodring.

61.     On January 15, 2022, at or around 1:00, Mr. Turner was transferred from LCP to UPMC for emergent medical attention.

62.     Upon arrival at UPMC, Mr. Turner was noted as "pulseless" and stopped breathing. Emergency Department physicians noted the presence of large amounts of secretions in Mr. Turner's airways. A King airway was placed, however, despite these interventions at UPMC, Mr. Turner remained asystolic throughout.

63.     On January 15, 2022, at or around 14:02, Mr. Turner was pronounced dead by hospital staff.

64.    All of the aforementioned correctional officers, prison staff, and prison medical professionals knew that Mr. Turner had a constitutional right to prompt medical care in light of his serious medical condition.

65.    All of the aforementioned correctional officers, prison staff, and prison medical professionals knew that their conduct of failing to provide or obtain prompt medical care was unlawful and violative of the constitutional rights of Mr. Turner.

66.    Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10, and/or John Doe, by and their respective agents, employees, and/or contractors knew Mr. Turner was experiencing a serious and worsening medical condition when in LCP based on Mr. Turner's above-described symptoms and their above-described interactions with him.

67.    Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10, and/or John Doe, medical staff who were on assignment and/or present in LCP during the time frame between January 4, 2022 through January 15, 2022 when Mr. Turner was present therein intentionally denied and/or delayed Mr. Turner's access to medical care by delaying and/or failing to respond to their own observations of his serious and worsening medical condition.

68.    The LCP correctional supervisors and officers failed to respond in a timely manner to Mr. Turner's severe and worsening medical condition.

69.     All Defendants failed to provide medical treatment to Mr. Turner when he was in the LCP facility despite the serious and worsening changes in Mr. Turner's condition and the onset of new signs and symptoms of a serious medical condition after he returned from the hospital.

70.     The correctional supervisors and officers at LCP and the practitioners of correctional healthcare at LCP knew or should have known of the serious and worsening medical condition suffered by Mr. Turner.

71.     Every correctional officer and staff member mentioned above knew or had reason to believe that LCP, by and through its agents, servants, and employees, were mistreating Mr. Turner.

72.     The seriousness of Mr. Turner's medical issue, while in the medical unit, and LCP facility was so clear and obvious that other inmates recognized the same and desperately tried to get him medical attention, to no avail.

73.     All of the correctional officers and staff inside LCP disregarded the other inmates requests for medical help for Mr. Turner.

74.     Mr. Turner received no continuing medical care, and in fact received no medical care at all, from any of the Defendants during the time that he was LCP's medical unit and his cell prior to being found unresponsive.

75.     Despite knowing of the risk of serious injury or death due to the failure to provide timely medical treatment to Mr. Turner, the Defendants continued to deny such treatment. Instead, Mr. Turner was left unattended in a cell to die.

76.     Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner and/or John Doe, knew or had a reason to believe that LCP medical staff were not treating Mr. Turner.

77.    Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, knew that Mr. Turner was in distress and personally observed Mr. Turner suffering from symptoms of a serious medical condition for which he was not receiving medical care.

78.    Defendants,' Corrections Officers John Doe #1-10, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, medical staff who were on assignment and/or present at LCP failed to respond to the medical emergency calls of Mr. Turner's fellow inmates.

79.    Defendants, County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, failed to communicate Mr. Turner's serious and worsening medical condition to appropriate medical staff or hospital facilities.

80.    All Defendants failed to promptly request emergency transport to return Mr. Turner to the ED after he exhibited signs and symptoms of a serious medical issue, including suspected cardiac event.

81.    All Defendants failed to provide prompt medical attention and treatment for Mr. Turner.

82.    As a direct and proximate result of the Defendants' unreasonable, unjustifiable and unconstitutional conduct, Chaz Donya Turner was caused to suffer the following:

    a.  Severe symptoms of a serious medical condition resulting in cardiac arrest;

    b.  Nausea;

    c.  Uncontrolled vomiting;

d.  Disorientation, confusion, and incoherence;

e.  Unsteadiness and failure to support own head and body weight;

f.  Agitation and restlessness;

g.  Difficulty breathing;

h.  Lack of oxygen;

i.  Pain and suffering;

j.  Emotional distress;

k.  Mental anguish;

l.  Embarrassment;

m.  Disfigurement;

n.  Loss of life's pleasures;

o.  Cardiac arrest; and

p.  Death.

83.    Chaz Donya Turner, deceased, left surviving him two minor children, C.T and Z.T., who are his sole beneficiaries under the Wrongful Death Act.

84.    As a result of the conduct of the Defendants, as set forth herein, Chaz Donya Turner, deceased, was caused grave injuries and death resulting in the entitlement to damages by his beneficiary under the Wrongful Death Act.

85.    Plaintiff, Marvin Lee Turner, Administrator of the Estate of Chaz Donya Turner, deceased, claims all expenses recoverable under the Wrongful Death Act, including, but not limited to, damages for medical, funeral, and burial expenses and expenses of administration necessitated by reason of the injuries causing Chaz Donya Turner's death.

86.    On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for monetary support that the decedent would have provided to the beneficiary during his lifetime,

including, but not limited to, the support provided, or which could have been expected to have been provided, to the beneficiary.

87.     On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for services provided or which could have been expected to have been provided in the future.

88.     On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for all pecuniary loss suffered by the beneficiary.

89.     On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for all loss of consortium, comfort, society, guidance, and tutelage that the beneficiary may have received from the decedent if not for the decedent's untimely death.

90.     On behalf of the Wrongful Death Act beneficiary, Plaintiff claim the full measure of damages allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

91.     Plaintiff, Marvin Lee Turner, Administrator of the Estate of Chaz Donya Turner, deceased, is entitled to bring this action on behalf of the Estate of Chaz Donya Turner under and by virtue of the Survival Act, 42 Pa. C.S. § 8302, the decisional law interpreting said Act, and the applicable Rules of Civil Procedure, which provide for the survivability of causes of action.

92.      As a result of the conduct of all of the Defendants, as set forth herein, Chaz Donya Turner was caused grave injuries and death, resulting in the entitlement to damages by his Estate under the Survival Act.

93.     As a result of the death of Chaz Donya Turner, his Estate has been deprived of the economic value of his life expectancy, and Plaintiff claims under the Survival Act damages for all pecuniary losses suffered by the Estate as a result of the decedent's death, including all loss of income, earnings, retirement income, benefits, and Social Security income.

94.     Plaintiff further claims under the Survival Act the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

95.     Plaintiff further claims under the Survival Act damages for the conscious pain and suffering endured by the decedent prior to his death, including physical and mental pain and suffering leading to the decedent's death.

96.     Plaintiff further claims under the Survival Act all damages recoverable pursuant to 42 Pa. C.S. § 8302 and the decisional law interpreting said Act.

97.     At the time Chaz Donya Turner was in the care and custody of the Defendants, Plaintiffs did not know (or discovery) or, in the exercise of reasonable diligence, could have known of (or discovered) Defendants' wrongful acts in connection with violation of the Plaintiffs' rights directly and proximately caused Plaintiffs' injuries. Mr. Turner's injuries and ultimately death were not inherently undiscoverable and were not objectively verifiable. The injuries that Mr. Turner suffered are not a result of an instant or one simple act; they result from repeated conduct and the actual results and harm did not manifest until sometime later.

## COUNT I — CIVIL RIGHTS- 42 U.S.C. 4 1983

**Plaintiff, Marvin Lee Turner, Esquire, Administrator of the Estate of Chaz Donya Turner, Deceased v. County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Does 1-10**

98.      The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

99.     Defendants in all of their actions and inactions described herein with regard to Chaz Donya Turner were all acting under the color of state law.

100.    Defendants were deliberately indifferent to Chaz Donya Turner's serious medical needs and thereby violated Mr. Turner's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

101.    Defendants herein deprived Chaz Donya Turner of his constitutionally guaranteed liberty interest by violating his right to due process of law under the Fourteenth Amendment to the United States Constitution.

102.    Defendants were aware that Plaintiff's decedent had clearly established constitutional rights to bodily integrity and medical care for his serious medical needs.

103.    Defendants' conduct, as set forth above, demonstrates that the harm caused to Plaintiff's decedent was a foreseeable and direct result of the Defendants' conduct.

104.    Defendants' conduct, as set forth above, demonstrates that the Defendants acted with deliberate indifference and conscious disregard of the great risk of serious harm to Plaintiff's decedent.

105.    Defendants' conduct, as set forth above, violated Chaz Donya Turner's constitutional rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U. S.C. § 1983.

106.    As a direct and proximate result of the Defendants' unreasonable, unjustifiable and unconstitutional conduct, Plaintiff's decedent was caused to suffer the injuries described herein, including his death.

107.    The conduct of the Defendants, jointly and/or severally, was outrageous, malicious, abusive, wanton, willful, reckless and designed, in its inexcusable recklessness, to inflict harm upon Plaintiffs.

108.    The acts of the Defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, and deliberately and by conduct so egregious as to shock the conscious of an evolved society.

109.    The collective actions of the Defendants were done under color of state law and constituted deliberate indifference to the rights of Chaz Donya Turner and resulted in the needless, but predictable and foreseeable, ailments from his untreated and unabating conditions. Such failure on the part of defendants to act and medically intervene on Mr. Turner behalf was a violation of the Eighth Amendment of the United States Constitution, and the laws of the Commonwealth of Pennsylvania. Prison and medical directors had no compelling, rational or reasonable medical or penal basis for allowing Mr. Turner serious and obvious medical condition to go untreated and undiagnosed during his incarceration at the LCP.

110.    Defendants' failure to act appropriately in a medical and penal context, created an unnecessary and unjustifiable medical danger to Chaz Donya Turner.

111.    The defendants' failure in each and every repeated instance to act in a medically reasonable manner constituted a state created danger as to Chaz Donya Turner.

112.    As a matter of policy or practice, the Defendants have, with deliberate indifference to the rights of Chaz Donya Turner failed to adequately screen, test, train, supervise and/or otherwise direct training of prison health service staff and providers concerning the medical needs and rights of inmates to be free from the unlawful cruel and unusual punishment and conduct described herein.

113.    Defendants, jointly and/or severally, have intentionally or with conscious indifference and disregard to the rights of Chaz Donya Turner, failed to establish a system, which properly identifies, reports and/or investigates instances of improper medical intervention and care, and thereby, permitted, encouraged and tolerated a pattern and practice of improper medical triage

and treatment, and gross inexcusable medical neglect, amounting to the implementation of a death sentence for Chaz Donya Turner herein.

114.    Defendants, jointly and/or severally, have a duty to provide reasonable medical services to inmates at LCP consistent with proper medical protocol and the needs of the penal system.

115.    The Defendants, jointly and/or severally, had an increased and heightened awareness of Chaz Donya Turner's medical needs because of his chronic complaints, shortness of breath, nausea, urinary frequency, abdominal pain, generalized weakness and uncontrolled vomiting and frequent presentations at the prison Correctional Health Services seeking help. At that point, Mr. Turner was not merely owed a generalized duty of care, but a specific duty of care relevant to the needs of his medical condition. The Defendants had a close and unique relationship with Mr. Turner, which stemmed from his unique medical needs and the Defendants' position to provide the required medical care available nowhere else for an inmate such as Plaintiff.

116.    By this special relationship, Defendants, jointly and/or severally, owed Chaz Donya Turner a duty of care to provide competent and proper medical intervention to address Mr. Turner's deteriorating condition. Defendants failure in this regard violated Chaz Donya Turner's Constitutional rights under the Eighth and Fourteenth Amendments.

**WHEREFORE**, Plaintiff demands judgment against Defendants County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner, Corrections Officers John Doe #1-10, Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John Doe, for all damages provided under the Pennsylvania Survival and Wrongful Death Acts, jointly and severally, together with attorney's fees and costs, and pre- and post-judgment interest and any all relief available pursuant to 42 U. S .C. § 1983.

24

## COUNT II — CIVIL RIGHTS

**Plaintiff, Marvin Lee Turner, Esquire, Administrator of the Estate of Chaz Donya Turner, Deceased v. Defendant County of Lycoming, Lycoming County Prison, Lycoming County Prison Board, Brad A. Shoemaker, Ryan C. Barnes, Christopher J. Ebner and/or John Doe**

117.   The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

118.   Defendant's conduct, as set forth above, evinces a violation of Plaintiffs decedent's constitutional rights, including those guaranteed by the Eight and Fourteenth Amendments to the United States Constitution.

119.   Defendant's conduct, as set forth above, demonstrates that Defendant County of Lycoming failed to properly train, and/or failed to have a proper policy regarding training of correctional supervisors and officers and medical providers on the appropriate treatment and monitoring of individuals experiencing serious medical conditions such as that experienced by Chaz Donya Turner, thereby depriving Plaintiffs decedent of his constitutional rights.

120.   Defendant's conduct, as set forth above, demonstrates that Defendant County of Lycoming failed to properly supervise and/or monitor, and/or failed to have a proper policy regarding supervising and/or monitoring, correctional supervisors and officers and medical providers on the appropriate treatment and monitoring of individuals experiencing serious medical conditions such as that experienced by Chaz Donya Turner, thereby depriving Plaintiffs decedent of his constitutional rights.

121.   Defendant's conduct, as set forth above, demonstrates that Defendant County of Lycoming failed to train, monitor, and supervise correctional supervisors and officers and medical providers to timely respond and treat individuals experiencing serious medical conditions such as that experienced by Chaz Donya Turner, thereby depriving Plaintiffs decedent of his constitutional rights.

122.     The above-referenced actions are outrageous, egregious, and conscience-shocking, and rise to a level of intention to cause harm.

123.     As a direct and proximate result of the Defendant's unreasonable, unjustifiable and unconstitutional conduct, Plaintiff's decedent was caused to suffer serious injuries including death.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages provided under the Pennsylvania Survival and Wrongful death acts, jointly and severally, together with attorney's fees and costs, and pre- and post-judgment interest.

### COUNT III — STATE LAW MEDICAL NEGLIGENCE

**Plaintiff, Marvin Lee Turner, Esquire, Administrator of the Estate of Chaz Donya Turner, Deceased v. Defendants Correctional Health Services, John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10, and John Does 1-10**

124.     The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

125.     Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, had a duty to comply with generally accepted medical standards of care in their medical treatment of Chaz Donya Turner.

126.     Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, directly and by and through its agents, servants, and employees, had a duty to assess, evaluate, diagnosis, monitor, transfer, and otherwise provide prompt medical treatment to inmates of LCP experiencing a serious medical condition, like Chaz Donya Turner.

127.     Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, directly and by and through its agents, servants, and employees, violated

its duty of care to Chaz Donya Turner by failing to assess, evaluate, diagnose, monitor, transfer, and otherwise provide appropriate medical treatment in light of the circumstances.

128.    Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe failed to hire, select, retain, and properly supervise competent medical professionals to provide medical care to inmates experiencing a life-threatening condition, like Chaz Donya Turner.

129.    Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe failed to establish and/or follow policies, practices and procedures to ensure that inmates admitted to LCP experiencing a serious medical condition, like Chaz Donya Turner, received proper and timely treatment.

130.    Defendant(s), Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, directly and by and through its agents, servants, and employees, violated its duty of care by failing to request an immediate medical transport to the Emergency Department in light of the circumstances.

131.    Defendant(s)', Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, violation of its duty of care to Chaz Donya Turner was a direct and proximate cause and a substantial factor in bringing about Chaz Donya Turner's death.

132.    Defendant(s)', Correctional Health Services and/or John Doe, and its employee medical providers including John Doe Medical Director, Drs. John Doe #1-10, Nurses Jane Doe #1-10 and/or John-Doe, by and through their agents, servants, and employees, violated their duty

of care to Chaz Donya Turner by failing to make appropriate medical treatment recommendations when contacted.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages provided under the Pennsylvania Survival and Wrongful death acts, jointly and severally, together with attorney's fees and costs, and pre- and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts and all issues raised by this Complaint.


Respectfully submitted,

WAPNER, NEWMAN, BRECHER & MILLER

BY:          *Adam S. Getson*
_____

**ADAM S. GETSON, ESQUIRE**
agetson@wapnernewman.com
**IDENTIFICATION NO. 91156**
**SIMON T. HAILEAB, ESQUIRE**
shaileab@wapnernewman.com
**IDENTIFICATION NO. 317772**
1628 JFK Blvd. Suite 800
Philadelphia, PA  19103-4433
Phone: (215) 569-0900
Facsimile: (215)569-4621
Attorneys for Plaintiff


DATED:    <u>December 29, 2023</u>